IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MORTGAGE INDUSTRY
SOLUTIONS, INC.,

        Plaintiff,                  No. CIV S-10-2636 KJM DAD

   vs.

COLLABERA, INC., et. al,

        Defendants.          <u>ORDER</u>

                             /

        On March 2, 2011, this court heard argument on defendant Collabera, Inc.'s motion to dismiss plaintiff's first amended complaint (FAC). Adam M. Rose from the Law Office of Robert Starr appeared for plaintiff; Mara B. Brandes from Ogletree, Deakins, Nash, Smoak & Stewart, P.C. appeared telephonically for defendant Collabera, Inc.

I. <u>Background</u>

        On September 28, 2010, defendant Collabera, Inc. removed this case from Sacramento County Superior Court. ECF No. 1. Jurisdiction in this court is appropriate under 28 U.S.C. § 1332(a)(1). Plaintiff filed its first amended complaint on November 2, 2010, alleging generally that defendant had breached a contract with plaintiff. FAC (ECF No. 10). On December 17, 2010, defendant filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss (ECF No. 13).

## II. Standards For A Motion To Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," ( Fed. R. Civ. P. 8(a)(2)), in order to survive a motion to dismiss, this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" (*Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555)), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's

consideration of documents attached to a complaint or incorporated by reference or as a matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *Parks School of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

III. Analysis

There are six causes of action in the FAC: breach of contract, common counts, conversion, unjust enrichment, intellectual property infringement and unfair competition. Defendant argues that plaintiff has not adequately pleaded its contract claim; that the common count claim is not supported by sufficient factual allegations; and that the third, fourth, fifth and sixth claims for relief fail because they are necessarily based on the inadequately pleaded breach of contract claim. Plaintiff opposes the motion. Although the FAC is not artfully pleaded, it withstands the motion to dismiss as discussed below.

A. Breach Of Contract

Plaintiff alleges that in 2004, its predecessor "entered into a written agreement with COLLABERA's predecessor;" that under the terms of the agreement, plaintiff would pay defendant's predecessor, Planet Asia, "to develop software based on plaintiff's original idea to locate mortgages tailored for borrowers;" that as of June 2006, plaintiff had paid Planet Asia approximately $300,000; that on or about December 2006, defendant "breached the contract by not returning the software that incorporated plaintiff's idea that was developed pursuant to the contract;" and that plaintiff has suffered damages, including the conversion of its intellectual property, as the proximate result of the breach. FAC ¶¶ 6-7, 25, 27-31. Plaintiff identifies the contract as the attachment labeled Exhibit A, but as defendant notes, the unpaginated exhibit

/////

/////

includes two documents entitled "Master Service Agreement," only one of which is signed. FAC, Ex. A at 51 (signature page for second agreement).[1]

Defendant argues that the complaint does not include sufficient factual detail to state a plausible claim for relief, but rather relies on the type of conclusory, speculative allegations found wanting by the Supreme Court. Mot. to Dismiss at 4-6. It also argues that plaintiff does not identify the contract at issue or attach an adequate copy and incorporate it by reference, a requirement of California law. *Id*. at 6-7, *citing inter alia* FPI *Dev. Inc. v. Nakashima*, 231 Cal.App.3d 367, 383 (1991). In federal court, however,

> [a] cause of action for a breach of contract must include facts demonstrating (1) that a contract exists between the parties, (2) that plaintiff performed his contractual duties or was excused from nonperformance, (3) that the defendant breached those contractual duties, and (4) that plaintiff's damages were a result of the breach.

*Walters v. Fidelity Mortgage of California, Inc*., 2010 WL 1493131 at *7 (E.D. Cal. 2010); *Blanco v. American Home Mortgage Servicing, Inc*., 2009 WL 4674904 at *7 (E.D. Cal. 2009) (claim not properly pled when plaintiff described only a "vague promise to provide an 'affordable loan'" and did not describe "what consideration was given for such a promise."). Federal procedural rules do not require that the contract at issue be attached to the complaint, contrary to defendant's claim that the confusion over the attachments dooms plaintiff's claim. *Downtown Plaza LLC v. Nail Trix, Inc*., 2008 WL 5099656 at *1 (E.D. Cal. 2008).

In this case, plaintiff has alleged that its predecessor entered into a contract with defendant's predecessor for the development of a search engine for mortgage information, FAC ¶¶ 6-7, 27; that plaintiff has paid defendant's predecessor $300,000, the amount due to defendant under the contract, FAC ¶¶ 18, 28; that defendant has refused to turn over the software incorporating plaintiff's idea, FAC ¶¶ 19-20, 24, 29; that as the result of the breach, plaintiff has lost access to its intellectual property. FAC ¶¶ 25, 31. These allegations are sufficient to plead a

---

[1] The court relies on the pagination assigned by its ECF system.

4

breach of contract. *See Dobyns v. United States*, 91 Fed. Cl. 412, 430 (2010) (*Iqbal* and *Twombly* do not require a plaintiff to "jump through considerably more hoops now, in pleading a breach of contract claim, than was the case previously").

B. Common Counts

Plaintiff alleges that defendant "became indebted to MISI within the last four years for money had and received by COLLABERA and its predecessors for the use and benefit of MISI" and that "at least $300,000 is due and unpaid." FAC ¶¶ 34-35. Defendant asserts that this state law claim is not pleaded adequately because it is "left to guess at the basis for Plaintiff's second claim for relief." Mot. to Dismiss at 8.

In California,

> "A common count is not a specific cause of action, however; rather it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness . . . .

*McBride v. Boughton*, 123 Cal.App.4th 379, 394 (2004). There are three "essential allegations" of the cause of action: "'(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc. and (3) non-payment.'" *Farmers Insurance Exchange v. Zerin*, 53 Cal.App.4th 445, 460 (1997). Defendant suggests that the complaint fails to identify "what common count it is alleging," but then argues that the failure of the breach of contract claim means that the common count claim also fails. ECF No. 13-1 at 8.

Plaintiff has adequately pleaded the claim. Its second cause of action incorporates the paragraphs of the complaint that describe the dealings between the two parties, including the nature of the contract, the consideration paid, and the ultimate breach of the contract. This too is sufficient.

/////
/////
/////
/////

1       C. <u>Conversion, Unjust Enrichment, Intellectual Property Infringement, Unfair Competition</u>

Defendant also argues that plaintiff's remaining causes of action must be dismissed because they depend on the inadequately pleaded breach of contract claim. Mot. to Dismiss at 9. In light of this court's conclusion that the breach of contract claim may proceed, defendant's argument in unavailing.

Accordingly, and good cause appearing, IT IS THEREFORE ORDERED that defendant Collabera, Inc.'s motion to dismiss (ECF No. 13) is denied.

DATED: March 24, 2011.

_____
UNITED STATES DISTRICT JUDGE