1  LESLIE E. WALLIS, CA Bar No. 128435
   leslie.wallis@ogletreedeakins.com
2  CATHERINE J. COBLE, CA Bar No. 223461
   catherine.coble@ogletreedeakins.com
3  ANGEL H. HO, CA Bar No. 251244
   angel.ho@ogletreedeakins.com
4  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
5  400 South Hope Street, Suite 1200
   Los Angeles, CA  90071
6  Telephone:  213.239.9800
   Facsimile:   213.239.9045
7
   JOHN C. GLANCY, *Admitted Pro Hac Vice*
8  john.glancy@ogletreedeakins.com
   OGLETREE, DEAKINS, NASH,
9  SMOAK & STEWART, P.C.
   The Ogletree Building
10 300 North Main Street, Suite 500 (29601)
   Post Office Box 2757
11 Greenville, SC  29602
   Telephone:  864.271.1300
12 Facsimile:   864.235.8806

13 Attorneys for Defendant
   COLLABERA, INC.

**NOTE CHANGES MADE BY THE COURT.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MORTGAGE INDUSTRY SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> COLLABERA, INC. and DOES 1 to 10, inclusive, <br><br> Defendants. | Case No. 2:11-CV-4008-CAS (AGRx) <br><br> DISCOVERY MATTER <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Complaint Filed:  August 2, 2010 <br> Trial Date:          None Set |

12021566_2

Case No. 2:11-CV-4008-CAS (AGRx)

STIPULATED PROTECTIVE ORDER

# STIPULATED PROTECTIVE ORDER

Plaintiff Mortgage Industry Solutions, Inc. and Defendant Collabera, Inc. (individually, "party," together, the "parties"), having acknowledged that various documents produced during the course of this litigation may contain confidential, proprietary, or trade secret information, including but not limited to confidential personnel information concerning current or former employees of Defendant Collabera, Inc., and the parties having consented and agreed to the entry of this discovery Order pursuant to Fed.R.Civ.P. 26(c), and for good cause shown, it is hereby ordered as follows:

1. As used in this Order, the following words and phrases shall have the following meanings:

(a) "Party," for the purpose of this Stipulated Protective Order, includes any individual, any corporation directly or indirectly controlled by a party (subsidiary corporation), any corporation owning directly or indirectly a controlling interest in a party (parent corporation), and any corporation controlled by the same parent (affiliated corporation);

(b) "Outside counsel" means a firm of attorneys, and employees thereof, with other clients in addition to a party hereto, none of whose members or associates are employees, officers, directors, or stockholders of a party hereto, or are involved in any of the competitive decision making of a party hereto, and whose offices are not located in the premises of a party hereto;

(c) "Independent expert" and "independent consultant" means a person with specialized knowledge or experience in a manner pertinent to the litigation who has been retained by a party or its counsel to serve as an expert or consultant in this action and who is not a past or current employee, officer, director, or stockholder of a party.

2. Any documents or other material considered to be confidential under this Order, including depositions in which any confidential document is referenced

1  or used, may be classified as confidential material by the party producing the same
2  by notifying in writing the other party for whom it is produced of a claim of
3  confidentiality with respect thereto at or prior to the time of such production.
4  Whenever feasible all documentary and other tangible material claimed to be
5  confidential shall be marked to indicate that it is designated as confidential material
6  by the producing party. Placing the stamp "CONFIDENTIAL" on each page of a
7  document when it is produced shall constitute compliance with this requirement and
8  shall designate the entire document as confidential. Copies, extracts, summaries,
9  notes, and other derivatives of confidential material shall also be deemed
10  confidential and shall be subject to the provisions of this Stipulated Protective Order.
11      3.    If a party, through inadvertence, produces any confidential material
12  without labeling or marking or otherwise designating it as such in accordance with
13  the provisions of this Stipulated Protective Order, the producing party may give
14  written notice to counsel for the receiving party that the document or thing produced
15  constitutes confidential material pursuant to this Stipulated Protective Order and
16  should be treated as such. Disclosure of such material prior to such notice shall not
17  be deemed a violation of this Stipulated Protective Order; however, counsel for the
18  receiving party, upon receiving such notice, shall undertake reasonable efforts to
19  retrieve all copies of the confidential material that may have been disclosed, and to
20  label all copies of the confidential material as set forth above.
21      4.    Portions of depositions referencing confidential material upon oral or
22  written questions may be classified as confidential either by an examining party's
23  attorney or by an attorney defending the deposition. A party claiming confidentiality
24  for a portion of a deposition may give notice of such claim of confidentiality to the
25  other party represented at the deposition prior to or during the deposition, and the
26  testimony taken and the transcript of such portion of deposition shall be designated
27  as confidential material. In the absence of such a prior or contemporaneous
28  designation of confidentiality, the parties agree that they will have 30 days from the

1  date of receipt of the deposition transcript in which to serve upon the other party a
2  written designation indicating by page and line number which portions of the
3  deposition transcript they are designating as confidential. If the party represented at
4  a deposition so stipulate, the confidential portion shall be transcribed and bound
5  separately from the non-confidential portion of such deposition.

6        5.   (a)   All confidential material and all information contained in or
7  revealed through confidential material, or through oral statements containing
8  confidential material (herein referred to as "confidential information") may be used
9  only for purposes of this litigation, and specifically shall not be used or referred to,
10 directly or indirectly, (1) for any business or competitive purpose, or (2) in any
11 advertising or in any material disseminated to any person not authorized to receive
12 confidential material and information under the terms hereof. Any person to whom
13 the disclosure of any confidential material or information is made shall not, directly
14 or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or
15 disseminate, any of the same except as expressly provided herein.

16       (b)   A party seeking to file ~~Any document that is filed~~ with the Court a document ~~that contains any~~
17 confidential material or information ~~may be filed in a sealed envelope or other~~ must comply with Local Rule 79-5.
18 ~~appropriate sealed container on which shall be set forth the title and number of this~~
19 ~~action, a general description or title of the contents of the envelope, and a statement~~
20 ~~that the contents are confidential and subject to a Protective Order for confidentiality~~
21 ~~and that the envelope is not to be opened nor the contents thereof revealed except by~~
22 ~~the Court to rule upon motions or use in proceedings in this case, or pursuant to order~~
23 ~~of the Court.~~

[AGR initials in margin]

24       (c)   Except for internal use by outside counsel for the parties hereto,
25 for Court and deposition copies, and for such use as is expressly permitted under the
26 terms hereof, no person granted access to confidential material or information shall
27 make any copies, reproductions, transcripts, or facsimiles of the same or any portion
28 thereof.

6. Except as otherwise expressly provided herein, confidential material and information shall be revealed, pursuant to the restrictions in this Order, only as follows:

(a) To witnesses at ~~proceedings, including without limitation~~ depositions ~~and trial~~; [AGR]

(b) The Judge, Arbitrator, court-appointed mediator in his action, and other court personnel;

(c) A private mediator mutually agreed upon by the parties;

(d) To outside counsel for a party hereto, provided that outside counsel who are not of record first sign and deliver to counsel of record for the other party a letter verifying that the outside counsel agree to be bound by the terms and conditions of this Stipulated Protective Order, before being exposed to any confidential material or information;

(e) To secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the case;

(f) To court reporters transcribing a deposition, hearing, or other proceeding in this matter;

(g) To the parties to this action, including officers, directors, and employees (including in-house counsel) of corporate parties; and

(h) Confidential material or information may be revealed to independent experts and independent consultants retained or utilized by counsel in good faith to assist in the preparation, settlement, or trial of this case, only if the following conditions are complied with: A party hereto who proposes to reveal confidential material or information to any independent expert or independent consultant shall first advise the individual of the terms of this Protective Order, provide the individual with a copy of this Protective Order, and have the individual sign and date a copy of the Statement of Confidentiality attached hereto as Exhibit A, verifying that the consultant agrees to be bound thereby. By signing a copy of this

Statement of Confidentiality, the individual certifies that he or she will use the "Confidential" designated information or documents solely for the purposes of this case, will not disclose such information or documents, will return to counsel for the producing party all such information or documents at the end of this litigation, including erasing all information maintained in electronic form on any computer or disc or tape, and consents to the jurisdiction of this Court for purposes of enforcing this Protective Order. Disclosing counsel shall maintain possession of the original of the signed Statement of Confidentiality during this lawsuit. At the conclusion of this lawsuit and upon written request, disclosing counsel shall give all such signed acknowledgments to counsel for the party producing the document of information.

7. In the event that any party hereto desires to make a substitution of attorneys, the proposed new counsel for such party shall, prior to being substituted as attorneys in this action, be provided with a copy of this Stipulated Protective Order and agree to be bound by the terms thereof.

8. In the event a party hereto deems it necessary that this Stipulated Protective Order be modified, upon a showing of good cause the Court shall have the power to:

(a) foreclose access to any confidential material or information, in whole or in part, to any person;

(b) order that material or information classified as confidential shall be freed from any or all of the provisions hereof;

(c) modify this Order so that any confidential material or information may be disclosed to additional specified persons; and

(d) make any other modification hereof which justice may require.

9. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any confidential material or information.

10. Confidential material and information subject to the terms of this Stipulated Protective Order shall, when not in use, be stored in areas of the offices of

1 | the counsel and others possessing the same where persons not in the employment or
2 | service of the possessor are unlikely to obtain access to the material or information.

3 |     11.    Within sixty (60) days of the final event terminating this litigation such
4 | as a voluntary or involuntary dismissal with prejudice, entry of judgment and
5 | exhaustion of appeals, or final settlement and release of all claims, or sooner if so
6 | ordered by this Court, counsel for each party shall return to counsel for the party who
7 | furnished the same (or shall supervise and certify the destruction of), all items
8 | constituting, containing, or reflecting the other party's confidential material or
9 | information, as well as all copies, extracts, summaries, notes and other derivatives
10 | thereof; provided, however, that counsel for each party may retain one set of the case
11 | pleadings, filings, discovery (<u>other</u> <u>than</u> copies, extracts, summaries, notes, and other
12 | derivatives of customer or supplier lists), and correspondence for their files.
13 | Provided, further, that any expert consultant(s) retained by counsel for purposes of
14 | this action, and who are subject to the terms of this Order, may retain one sealed
15 | copy of all of their reports prepared in this matter, including the portions of those
16 | reports that may contain excerpts or confidential material or information. The sealed
17 | reports ~~shall be labeled as set forth in paragraph 5(b) above, and~~ shall have a copy of [AGR]
18 | this Stipulated Protective Order permanently affixed to the outside of the envelope or
19 | other container in which the reports are sealed. The sealed reports shall only be
20 | opened upon order of a Court of competent jurisdiction and upon entry of a
21 | protective order protecting the contents of the reports from disclosure as set forth
22 | herein. Counsel will make their best efforts to secure the return from any such
23 | expert any confidential documents not otherwise contained in the sealed reports for
24 | disposal according to the terms of this paragraph.

25 |     12.    Neither the termination of this action nor the termination of the
26 | employment, engagement, or agency of any person who had access to any
27 | confidential material or information shall relieve any person from the obligation of
28 | maintaining both the confidentiality and the restrictions on use of any confidential

material or information disclosed pursuant to this Stipulated Protective Order.

13. The restrictions set forth in this Stipulated Protective Order shall not apply to information which (a) is lawfully obtained by a non-disclosing party from sources other than a disclosing party, (b) is in the public domain at the time of disclosure as evidenced by a written document, (c) becomes part of the public domain through no fault of the receiving party, or (d) can be shown by the receiving party to have been lawfully in its possession at the time of the disclosure. However, the provisions of this Order shall apply to any third parties who produce documents in this action provided that the third party signs a copy of the Statement of Confidentiality attached hereto as Exhibit A verifying that the third party agrees to be bound by the terms of this Order. A copy of this Order shall be served with any subpoena or request to produce compelling the production of documents from any third party.

14. In designating material confidential, the producing party will make such designation only as to that material which it in good faith believes to contain objective confidential material. Nothing herein shall preclude the parties from raising any available objection, or seeking any available protection with respect to any confidential material, including but not limited to the grounds of the admissibility of the evidence, materiality, trial preparation materials and privilege. If challenged, the party asserting confidentiality will have the burden of demonstrating same.

15. This Order shall not prevent counsel of record from using any documents obtained and considered to be confidential hereunder in motions, affidavits or other pleadings or in open court, so long as such documents or pleadings containing summaries of such documents are treated as confidential pursuant to the provisions of this order.

///

///

1  ///

2      16.   This Order is presented to the Court for entry in the above-captioned

3  matter. This Order shall also serve as a stipulation and agreement between the

4  parties, and shall be effective immediately upon signature by counsel for the parties.

5      **IT IS SO STIPULATED.**

6

7  DATED: March 22, 2012          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

8

9

10                                          By: /s/ Angel H. Ho
                                                       Leslie E. Wallis

11                                                        Catherine J. Coble
                                                       Angel H. Ho

12

13                                            Attorneys for Defendant
                                           COLLABERA, INC.

14

15 DATED: March 22, 2012          THE LAW OFFICE OF ROBERT L. STARR

16

17                                            By: /s/ Adam Rose
                                           Adam Rose

18

19                                            Attorneys for Plaintiff
                                           MORTGAGE INDUSTRY SOLUTIONS INC.

20

21

22

23 IT IS SO ORDERED.

24 DATED: 3/23/2012

25 /s/ Alicia G. Rosenberg
   UNITED STATES MAGISTRATE JUDGE

26

27

28

# EXHIBIT A

## STATEMENT OF CONFIDENTIALIATY

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, Central District of California, on _____, in the case of Mortgage Industry Solutions Inc. v. Collabera, Inc., Case No. CV-4008-CAS (AGRx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court, Central District of California, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:
_____

Printed name: _____

Signature: _____

Signature: _____