UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4008 CAS (MANx) | Date | June 27, 2012 |
|---|---|---|---|
| Title | MORTGAGE INDUSTRY SOLUTIONS, INC. V. COLLABERA, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

Not Present                                      Not Present

**Proceedings:**    **(IN CHAMBERS): PLAINTIFF'S COUNSEL'S MOTION TO BE RELIEVED AS COUNSEL** (filed 5/29/2012)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of July 2, 2012 is vacated, and the matter is hereby taken under submission.

## I.     INTRODUCTION

On August 2, 2010, plaintiff Mortgage Industry Solutions, Inc., filed this action in the Sacramento County Superior Court against defendant Collabera, Inc. ("Collabera"). See Exh. A at 7-8. Thereafter, Collabera removed the case to federal court.[1] On November 2, 2010, plaintiff filed a first amended complaint alleging (1) breach of contract, (2) common counts, (3) conversion, (4) unjust enrichment, (5) intellectual property infringement, and (6) unfair competition. The gravamen of plaintiff's complaint is that defendant breached an agreement by which defendant was to provide software development services to plaintiff.

On May 29, 2012, plaintiff's counsel filed the instant motion to be relieved. On May 31, 2012, defendant filed a motion for sanctions pursuant to Rule 11, requesting attorneys' fees for the continued prosecution of a baseless matter. See Dkt. No. 68 at 6. Defendant also filed a motion for summary judgment, asserting, *inter alia*: (1) that the statute of limitations has already expired with respect to plaintiff's non-contract and

---

[1] The case was originally assigned to Judge Mueller in the Eastern District. It was transferred to this Court on May 6, 2011.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4008 CAS (MANx) | Date | June 27, 2012 |
|---|---|---|---|
| Title | MORTGAGE INDUSTRY SOLUTIONS, INC. V. COLLABERA, INC. | | |

unjust enrichment claims, (2) that plaintiff admits to not having any proof of intellectual property infringement, and (3) that plaintiff admits that it has no proof of non-contract damages.  See Dkt. No. 73 at 1.

On June 11, 2012, defendant filed an opposition to plaintiff's counsel's motion to be relieved, asserting that withdrawal risks causing prejudice to defendant by unduly delaying resolution of defendant's pending motions.  On June 18, 2012, plaintiff's counsel filed a reply to defendant's opposition.  Plaintiff's counsel's motion is presently before the Court.

**II.    LEGAL STANDARD**

Local Rule 83-2.9.2.1 allows an attorney to withdraw as counsel only upon leave of court.  If withdrawal will cause delay in the case, the court will not allow the attorney to withdraw unless "good cause is shown and the ends of justice require [such relief]."  L. R. 83-2.9.2.4.  If withdrawal is allowed, the affected parties then "shall appear pro se or appoint another attorney by a written substitution of attorney."  L.R. 83-2.9.2.3.  However, a corporation "may not appear in any action or proceeding pro se."  L. R. 83-2.10.1.

**III.    DISCUSSION**

Plaintiff's counsel asserts that its relationship with plaintiff has irreparably broken down.  See Dkt. No. 65 at 4.  Plaintiff's counsel maintains that plaintiff no longer follows advice or suggestions, and that the level of trust necessary to continue representation no longer exists.  Id.  Plaintiff's counsel further asserts that withdrawal is mandatory pursuant to California Rule of Professional Conduct 3-700(B)(1) (requiring withdrawal where the attorney knows or should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal without probable cause).  See Dkt. No. 65 at 4.  In the alternative, plaintiff's counsel asserts that withdrawal should be permitted pursuant to California Rule of Professional Conduct 3-700(C)(1)(a) (allowing withdrawal where client insists on presenting a claim or defense that is not warranted under existing law and cannot be supported by a good faith argument).  Id. at 5.  Finally, plaintiff's counsel contends that withdrawal should be allowed pursuant to California Rule of Professional Conduct 3-700(C)(1)(d) (allowing for withdrawal where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4008 CAS (MANx) | Date | June 27, 2012 |
|---|---|---|---|
| Title | MORTGAGE INDUSTRY SOLUTIONS, INC. V. COLLABERA, INC. | | |

client makes it "unreasonably difficult for the attorney to carry out the employment effectively"). Id.

Defendant opposes plaintiff's counsel's request to be relieved only to the extent it unduly delays resolution of this case. See Dkt. No. 82 at 1.

Although the Court recognizes that granting this motion may delay resolution of defendant's pending motions, the Court concludes that plaintiff's counsel has made a sufficient showing of good cause, and thus hereby GRANTS its motion to withdraw. In reaching this conclusion, the Court finds significant that the attorney-client relationship appears to have been irreparably damaged. Id. at 5.

## IV.   CONCLUSION

In accordance with the foregoing, the Court hereby grants plaintiff's counsel's motion to withdraw. Counsel is hereby ordered to provide plaintiff with notice of the Court's order in accordance with Local Rule 83-2.9.2.3. Because plaintiff is a corporate entity and as such may not appear pro se, counsel is ordered to inform plaintiff that it must retain new counsel within **thirty (30) days** of the date this order takes effect. Counsel shall advise plaintiff that its failure to retain new counsel or otherwise respond within **thirty (30) days** may result in the imposition of sanctions or dismissal of the case. Counsel shall attach a copy of this order to the letter, and shall otherwise comply with all applicable rules of professional responsibility.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |