UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-4008-CAS (AGRx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | MORTGAGE INDUSTRY SOLUTIONS, INC. V. COLLABERA, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Pam Cotten | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Sasan Okhovat | Catherine Coble |
| | John Glancy (By Telephone) |

**Proceedings:** **PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT** (filed January 2, 2013) [Dkt. No. 111]

## I. INTRODUCTION & BACKGROUND

On August 2, 2010, plaintiff Mortgage Industry Solutions, Inc. ("MISI") filed the instant action in the Sacramento County Superior Court against defendant Collabera, Inc. On September 28, 2010, defendant removed the case to the United States District Court for the Eastern District of California. On November 2, 2010, MISI filed its first amended complaint ("FAC"). Dkt. No. 10. On December 17, 2010, Collabera filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 13. The Honorable Judge Kimberly J. Mueller of the Eastern District of California denied Collabera's motion on March 25, 2011. Dkt. No. 27. The case was transferred to this Court on May 11, 2011. Dkt. No. 35.

Plaintiff filed the operative second amended complaint ("SAC") on December 2, 2011. Dkt. No. 49. The SAC alleges six claims for relief: (1) breach of contract; (2) common counts; (3) conversion; (4) unjust enrichment; (5) intellectual property infringement; and (6) unfair competition pursuant to Cal. Bus. & Prof. Code §§ 17200 et seq.

In brief, this dispute arises out of the parties' services agreement by which defendant allegedly agreed to develop software for GoAskMorty.com, plaintiff's mortgage loan information website. According to Collabera, it performed various work for plaintiff pursuant to their services agreement between January and April 2006, but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-4008-CAS (AGRx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | MORTGAGE INDUSTRY SOLUTIONS, INC. V. COLLABERA, INC. | | |

plaintiff failed to pay for the services Collabera had provided.  A dispute then arose over defendant's possession of the GoAskMorty.com source code and other artifacts that plaintiff allegedly had provided to defendant; plaintiff demanded that defendant return the code, and defendant refused to do so until plaintiff paid its outstanding debts.  After plaintiff allegedly paid defendant for the services it previously rendered, defendant claims to have sent a CD containing the source code to plaintiff.  However, plaintiff asserts that the source code contained on the CD was defective, in breach of the parties' contract, leading to the instant suit.

On August 14, 2012, the Court granted in part and denied in part defendant's motion for summary judgment.  Dkt. No. 103.  Specifically, the Court denied defendant's motion with respect to plaintiff's claims for: (1) breach of contract; (2) common counts; (3) unjust enrichment insofar as it was claimed as an underlying violation of the UC; and (4) violation of the UCL.  The Court granted defendant's motion with respect to plaintiff's claims for conversion and infringement of intellectual property.  Dkt. No. 103.  The Court also dismissed plaintiff's SAC for failure to prosecute, as plaintiff had failed to obtain new counsel before the Court-imposed deadline.  Id.

On August 30, 2012 plaintiff filed a request for reconsideration and reinstatement.  Dkt. No. 104.  The Court granted plaintiff thirty days within which to obtain new counsel, up to and including October 18, 2012.  The Court further ordered that new counsel must file a Notice of Appearance on or before October 19, 2012.  Upon new counsel's appearance in this action, the Court granted plaintiff's motion for reconsideration and set aside the Court's previous dismissal of plaintiff's SAC for failure to prosecute.  Dkt. No. 110.

On January 2, 2013, plaintiff filed a motion for leave to file a third amended complaint ("TAC").  Dkt. No. 111.  Defendant opposed the motion on January 14, 2013, Dkt. No. 114, and plaintiff replied on January 21, 2013, Dkt. No. 115.[1]  The Court held a

---

[1] Defendant claims it was prejudiced by the Court's order denying defendant's ex parte application but continuing plaintiff's motion for leave to file a third amended complaint from January 28, 2013, to February 4, 2013, because the Court did not provide defendant with sufficient time to file its opposition.  Defendant, however, had ample time to prepare its opposition pending the Court's ruling on defendant's ex parte.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-4008-CAS (AGRx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | MORTGAGE INDUSTRY SOLUTIONS, INC. V. COLLABERA, INC. | | |

hearing on February 4, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

As a preliminary matter, the Court must decide whether Federal Rule of Civil Procedure 15(a) or 16(b) applies. Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Rule 16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). This is because once the scheduling order is in place, the court must modify the scheduling order to permit an amendment. W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609).

Here, the Court has already set a deadline of October 31, 2011, for adding parties, a fact discovery cut-off of May 1, 2012, and a motion cut-off for June 1, 2012. Dkt. No. 43. Therefore, plaintiff must demonstrate "good cause" for bringing this motion under Rule 16, then if "good cause" is shown, plaintiff must demonstrate that amendment is proper under Rule 15(a).

### A. Federal Rule of Civil Procedure 16

Rule 16(b)(4) provides that a scheduling order shall be modified "only for good cause." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. Accordingly, while the court may consider the "existence or degree of prejudice" to the opposing party, the focus of the court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend. Id. "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-4008-CAS (AGRx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | MORTGAGE INDUSTRY SOLUTIONS, INC. V. COLLABERA, INC. | | |

**B.     Federal Rule of Civil Procedure 15**

Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend." Id. (internal quotation marks and citation omitted); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

**III.    ANALYSIS**

Plaintiff seeks to amend its complaint to add allegations regarding the amount of lost profits that plaintiff alleges it suffered as a result of defendant's unfair business practices. According to plaintiff, this information—including the amount of lost profits and the methodology for calculating this amount—was already disclosed to defendant and this Court in plaintiff's initial disclosures on September 6, 2011. Mot. Ex. A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-4008-CAS (AGRx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | MORTGAGE INDUSTRY SOLUTIONS, INC. V. COLLABERA, INC. | | |

      Although plaintiff does not discuss the applicable standard under Rule 16, plaintiff argues that leave to amend should be granted under Rule 15 as follows.  First, because there is "no actual substantive alteration" to its SAC that would prejudice defendant, plaintiff contends that amendment should be allowed—these new allegations merely clarify plaintiff's already-alleged theory of damages.  Second, plaintiff argues that it has not acted in bad faith or unduly delayed in amending its complaint, because plaintiff avers that a "proper calculation of damages" was not "fully ascertained" at the time plaintiff filed its SAC.  Third, plaintiff avers that amendment will not be futile here, because "restitution" of plaintiff's lost profits is an appropriate equitable remedy for illegal and unfair business practices.  Specifically, plaintiff contends that it lost profits in the amount of $2.8 million when defendant "intentionally denied" it the right to pursue its business, by allegedly taking plaintiff's intellectual property in breach of the parties' agreement.

      The Court finds that plaintiff has not carried its burden of demonstrating good cause for its motion, as plaintiff fails to offer a reasonable explanation for its delay in amending its complaint.  Leave to amend is often denied, where, as here, a plaintiff had knowledge of the relevant facts and theory of the case long before a plaintiff sought leave to amend.  See, e.g., Texaco v. Ponsoldt, 939 F.2d 794, 799 (9th Cir. 1991) (eight month delay between obtaining knowledge of a relevant fact and seeking leave to amend is unreasonable).  Plaintiff admits in its motion that it knew of and disclosed this damages calculation to defendant as early as September 2011, and yet plaintiff offers no explanation for its delay in seeking to amend its complaint to include this information.  Such a delay in seeking leave to add these new allegations to its complaint is unreasonable, particularly where plaintiff filed its operative SAC *after* plaintiff purportedly knew of the damages calculations it seeks to add by way of its present motion.[2]  Moreover, because fact and expert discovery already closed over six months ago and the Court has already ruled on defendant's motion for summary judgment, permitting plaintiff to amend its complaint at this late stage of the litigation would cause undue delay and prejudice defendant.  Accordingly, plaintiff's failure to demonstrate

---

      [2] Plaintiff's current counsel's statement that he does "not truthfully know" why prior counsel failed to amend the complaint to include these damages calculations, Decl. of Michael Teplinsky ¶ 3, does not explain why it would be reasonable to allow such amendment here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-4008-CAS (AGRx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | MORTGAGE INDUSTRY SOLUTIONS, INC. V. COLLABERA, INC. | | |

good cause for its delay in seeking amendment and the potential for further delay of this already lengthy litigation warrant the denial of plaintiff's motion.

Moreover, even if the Court were to conclude that there has been no unreasonable delay, plaintiff's proposed amendment would be futile. Under the UCL, "prevailing plaintiffs are generally limited to injunctive relief and restitution." Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144 (2003) (quotation omitted). Restitution, however, does not include the "nonrestitutionary disgorgement" of a defendant's profits that were allegedly obtained unlawfully. Id. at 1152. Only where a plaintiff seeks "the return of money or property that was once in its possession" may a plaintiff potentially obtain relief under the UCL. Id. at 1149; see also id. ("The object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest."). Plaintiff cannot claim an "ownership interest" in its alleged lost profits, because plaintiff is not seeking the return of any money or property that was previously in its possession. As such, plaintiff's proposed amendment to include "lost profits" as damages under its UCL claim is futile.

## IV. CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiff's motion for leave to amend its complaint.

IT IS SO ORDERED.

|  | 00 | : | 12 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |